

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Game, Fish and Oyster Commission
Walton Building
Austin, Texas

Gentlemen:

Attention: Mr. H. D. Dodgen
Executive Secretary

Opinion No. O-7084
Re: Authority of the State Department, commission or board to grant a permit to a landowner to enlarge by blasting the channel of a stream so as to permit fish to pass through such channel, the bed of such stream belonging to the State of Texas.

We acknowledge receipt of your opinion request of February 2, 1946, reading as follows:

"The Game, Fish and Oyster Commission has had a request to remove a natural obstruction in a public stream for the purpose of allowing fish to pass freely beyond the point of obstruction.

"Before taking action on this matter, we respectfully request your opinion on the following question:

"1. What department, commission or board, of the State government, has the authority to grant a permit to a landowner to enlarge by blasting the channel of a stream so as to permit fish to pass through such channel, the bed of such stream belonging to the State of Texas'"

The Constitution of the State of Texas in Article XVI, Section 59a, declares that "The conservation and development of all of the natural resources of this State, including . . . . waters of its rivers and streams, for irrigation, power and all other useful purposes, . . . . are each and all hereby declared public rights and duties and the legislature shall pass all such laws as may be appropriate thereto."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

<u>Game, Fish and Oyster Commission - Page 2</u>

Unless the Legislature, pursuant to its constitutional authority over public waters and water courses has empowered a state department, commission, or board to do an act, to-wit, grant a permit to a landowner to blast a natural obstruction in a public stream for the purpose of allowing fish to pass freely beyond the point of obstruction, no state agency can lawfully grant such a permit. 38 Tex. Jur. 836 in agreement states: "Power in respect to State property rights is vested in the Legislature, and the Legislature alone may exercise the power necessary to the enjoyment and protection of those rights by the enactment of statutes for that purpose."

The Austin Court of Civil Appeals recently stated the law in Corzelius vs. Railroad Commission, et al, 182 S. W. (2d) 412, to be that, "The general rule is well settled that boards or commissions which are creatures of the statutes can exercise only such authority as is conferred upon them by law in clear and express language, and that authority will not be construed as being conferred by implication."

A thorough examination of Title 67, Revised Civil Statutes of Texas, relating in part to the powers of the Game, Fish and Oyster Commission, of Chapter 1, Title 128, Revised Civil Statutes of Texas, setting forth the powers of the Board of Water Engineers, and of all other laws relating to the State's rights in public waters and river beds, discloses that the Legislature has not authorized any commission, board or department to issue a permit to a landowner to remove a natural obstruction in a public stream.

You are therefore advised that no state department, board, or commission may issue a permit to a landowner to remove a natural obstruction in a public stream or enlarge the channel by blasting for the purpose of allowing fish to pass freely beyond the point of obstruction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Stewart W. DeVore
        Stewart W. DeVore
        Assistant